IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

-v-                                            25-CV-6503

$95,999.00 UNITED STATES CURRENCY,

      Defendant.

**VERIFIED COMPLAINT FOR FORFEITURE**

The United States of America, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and Melanie J. Bailey, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

**CAUSE OF ACTION**

1. This is an action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of the sum of $95,999.00 in United States currency (hereinafter "defendant currency"), which was seized from Marcus McFadden (hereinafter "McFadden") on or about October 26, 2022.

2. This Court has subject matter jurisdiction of this action pursuant to the provisions of Title 28, United States Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d). Venue is properly premised in the Western District of New York pursuant to Title 21, United States Code, Section 881(j) and Title 28, United States Code, Section 1395.

3. On October 26, 2022, law enforcement from the Monroe County Sheriff's Office – Monroe County Heroin Task Force, the Greater Rochester Area Narcotics Enforcement Team (GRANET), the Rochester Police Department, along with the United States Drug Enforcement Administration (hereinafter "DEA") Task Force, seized the defendant currency from McFadden during the execution of a search warrant at his residence, located at 209 Akron Street, Rochester, New York (hereinafter "the residence"). The defendant currency was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq.*

## **RELEVANT FORFEITURE AUTHORITY**

4. **Title 21, United States Code, Section 881:**

(a) Subject Property

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## BASIS FOR FORFEITURE

### Investigation

5.      In 2022, law enforcement investigated McFadden for selling cocaine to college students in the area of Monroe Avenue in Rochester, New York. On multiple occasions over the span of several months, an undercover law enforcement officer conducted several narcotics purchases from McFadden.

6.      Based on the ongoing investigation, law enforcement obtained a New York State search warrant, signed by Judge Douglas Randall, Monroe County Court, for McFadden's residence, as well as three vehicles: a 2014 Audi Q7 sport utility vehicle, a 2013 Dodge Caravan, and a 2010 Acura ZDX.

### SEIZURE OF DEFENDANT CURRENCY

7.      On or about October 26, 2022, law enforcement executed the search warrant on McFadden's residence, a 2014 Audi Q7 sport utility vehicle, a 2013 Dodge Caravan, and a 2010 Acura ZDX. McFadden was present in the home at the time of the search.

8.      At the residence, law enforcement located approximately 24 Ziplock bags, 6 sandwich bags, and 21 post-it envelopes containing cocaine in the east bedroom and approximately 15 Ziplock bags, 4 sandwich bags, and 7 post-it envelopes containing cocaine on the kitchen counter, a sandwich bag containing bulk cocaine in the upper kitchen cabinet, a shoebox containing Char Boy and crack stems in a hallway dresser, along with two (2) scales, packaging materials, and various mail and identification cards issued to McFadden. Field tests indicated that the substances tested positive for cocaine. The substances were

submitted to the lab for testing. The resulting lab reports confirmed a total net aggregate weight of approximately 27 grams of cocaine.

9. During the search of the residence and vehicles, law enforcement located a combined total of $95,999 in United States Currency in various denominations of cash as follows:

| Denomination | Number of Bills | Value of Bills |
| --- | --- | --- |
| $100 | 694 | $69,400 |
| $50 | 104 | $5,200 |
| $20 | 997 | $19,940 |
| $10 | 94 | $940 |
| $5 | 84 | $420 |
| $1 | 99 | $99 |

10. The above United States Currency was located as follows: approximately $93,808 in United States Currency was located in the east bedroom, of which $31,870 was packaged in small envelopes located in a small dresser, and the remaining amounts were located in a window bench and dresser, approximately $707 was located in the shoebox, approximately $511 was located in the kitchen, approximately $40 was located in the Dodge Caravan and approximately $679 was located inside of a purse in the Audi Q7.

11. Law enforcement examined the currency located at the residence to compare with photocopies of the currency used during the undercover purchases. During this analysis, law enforcement located several denominations with serial numbers that were used during the undercover purchases.

12. McFadden was subsequently transferred to Rochester Police Department Headquarters. McFadden was administered his *Miranda* warnings which he subsequently waived. McFadden initially denied any involvement in selling cocaine. However, eventually made admissions to selling narcotics to an undercover officer.

13. McFadden indicated that he worked as an Uber driver.

14. As a result of the investigation, McFadden was arrested on state felony charges of Criminal Sale of a Controlled Substance in the Third Degree (CSCS3) and Criminal Possession of a Controlled Substance in the Third Degree (CPCS3). The criminal charges were handled by the Monroe County DA's Office. On or about September 7, 2023, the claimant pled guilty to a felony related to this matter and entered Monroe County's Judicial Diversion Program where he was supervised for a period of approximately one year. Based on the claimant's completion of the program, McFadden earned a conviction to a lesser misdemeanor charge with a sentence of continued probation.

## INITIATION OF CIVIL JUDICIAL ACTION

15. On or about January 13, 2023, McFadden, through his attorney Michael Schiano, Esq., filed a claim for the defendant currency with the DEA to halt the administrative forfeiture proceedings against the defendant currency and to be referred for judicial forfeiture proceedings.

## CONCLUSION AND REQUEST FOR RELIEF

16. Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the defendant currency, there is reasonable belief that the defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, was proceeds traceable to such an exchange of controlled substances, and had otherwise been

used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq.* and, therefore, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

**WHEREFORE**, the United States of America respectfully requests:

(1) that an arrest warrant *in rem* be issued for the arrest of the defendant currency;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the defendant currency be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such order and further relief as deemed just and proper.


DATED: September 22, 2025, at Rochester, New York.


                        MICHAEL DIGIACOMO
                        United States Attorney
                        Western District of New York

BY:   s/*Melanie Bailey*
                        MELANIE J. BAILEY
                        Assistant United States Attorney
                        United States Attorney's Office
                        Western District of New York
                        138 Delaware Avenue
                        Buffalo, New York 14202
                        (716) 843-5863

STATE OF NEW YORK )
COUNTY OF MONROE ) ss.:
CITY OF ROCHESTER )

Task Force Officer ("TFO") Joseph Demarco, being duly sworn, deposes and says:

I am TFO Joseph Demarco, currently assigned to the United States Drug Enforcement Administration (DEA) and am familiar with the facts and circumstances surrounding the seizure of $95,999.00 United States Currency from Marcus McFadden, at 209 Akron Street, New York on or about October 26, 2022. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief based upon information furnished to me by officials of the DEA, the Monroe County Sheriff's Office, the Rochester Police Department, the Monroe County Heroin Task Force, GRANET, and provided to the officials of the United States Attorney's Office.

_____
Joseph Demarco
Task Force Officer
United States Drug Enforcement Administration


Subscribed and sworn to
before me this 22nd day of
September, 2025.

_____
Notary Public
State of New York
Registration No.
Qualified in Monroe County
Commission Expires 05/09/2026

PATRICIA A. MINNICK
Notary Public State of New York
Monroe County
My Commission Expires 05/09/2026
Registration# 01MI4931176

7